UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-246-GWU

LISA SPROUSE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Lisa Sprouse brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

>   in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.
>
> 4.  At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5.  If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

08-246 Lisa Sprouse

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. <u>Id.</u> Accord, <u>Johnson v. Secretary of Health and Human Services</u>, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work.

4

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having

the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

08-246 Lisa Sprouse

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sprouse, a former teacher's aide and assembly line worker, suffered from impairments related to depression and arthritis in the back, neck, legs, hands and left hip. (Tr. 17, 24). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 21-22). Since the claimant was found to be able to return to her past relevant work, she could not be considered totally disabled. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Sprouse could return to her past relevant work, the ALJ relied heavily upon the information provided by Vocational Expert Daryl Martin. The hypothetical question presented by the ALJ included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to stand or walk for more than two hours out of an eight-hour day; (2) an inability to sit for more the six hours in an eight-hour day; (3) an inability to more than occasionally climb ramps or stairs, stoop, crouch, kneel and crawl; (4) an inability to ever climb ladders, ropes or scaffolds; (5) a need to avoid all exposure to moving machinery or unprotected heights; (6) a need to avoid more than minimal exposure to vibrations; (7) a limitation to simple and detailed tasks and instructions;

7

(8) a limitation in maintaining concentration and attention to two-hour segments over an eight-hour work period; and (9) a limitation to task-oriented settings where contact with others such as co-workers and supervisors is casual and infrequent and restricted to simple, gradual changes. (Tr. 411). In response, Martin testified that the past jobs of assembly line worker and teacher's aide could still be performed. (Id.). Therefore, assuming that the vocational factors considered by Martin fairly characterized the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Cesar Agtarap, a treating source, only restricted Sprouse from operating heavy machinery or driving when under the influence of her pain medication. (Tr. 337). These restrictions are compatible with the ALJ's findings and the plaintiff has presented no evidence that these restrictions would preclude performance of her past relevant work.

The ALJ's findings were also consistent with the restrictions identified by Dr. Allen Dawson, a non-examining medical reviewer. (Tr. 274-282). While the ALJ's findings were mostly compatible with the restrictions identified by Dr. Amanda Lange, another medical reviewer, Dr. Lange did indicate a limited ability to handle and to finger which were not presented to the vocational expert. (Tr. 303-311). Based on the statements in the Work History Report submitted by Sprouse, the assembly line work might be precluded due to the extensive handling of small

objects required. (Tr. 72). However, the job of teacher's aide would not require such handling and, so, would presumably remain available. The plaintiff has not raised the omission of these factors from the hypothetical question as an issue. Therefore, any error would appear harmless.

Dr. Rita Ratliff, an examining consultant, was unable to comment upon the functional restrictions which might afflict Sprouse due to the plaintiff's suboptimal effort. (Tr. 360). Such treating and examining sources as the staff at the Mountain Comprehensive Health Corporation (Tr. 113-129), the staff at Family Practice of Booneville (Tr. 130-215, 344-356), the staff at the Kentucky River Medical Center (Tr. 216-228), Dr. Andrew Ryan (Tr. 235-236), Dr. Alexander Tikhtman (Tr. 237-242), Dr. Greg Wheeler (Tr. 243-244), and Dr. Michael Lyons (Tr. 325-335) did not report the existence of more severe physical restrictions than those found by the ALJ. These reports provide additional support for the administrative decision.

Dr. Steven Spady submitted a Physical Residual Functional Capacity Assessment Form identifying far more severe restrictions than those found by the ALJ. (Tr. 313-317). The ALJ rejected this opinion because it was unsupported by laboratory testing or other objective findings and was inconsistent with other evidence of record. (Tr. 24). This action appears appropriate. The claimant asserts that Dr. Spady was a treating source whose opinion was entitled to superior weight. However, Sprouse submitted only the assessment form and did not obtain any supporting treatment notes to detail the history of the treating relationship. The

administrative regulations provide that for a source to be considered a treating physician, the claimant must prove that the doctor had seen her on a frequency consistent with acceptable medical practice. 20 C.F.R. § 404.1502. Therefore, the court must reject the plaintiff's argument with regard to Dr. Spady.

With regard to framing of the mental factors of the hypothetical question, the undersigned finds no error. Psychologist Harwell Smith examined Sprouse and diagnosed a pain disorder with a medical condition and psychological factors, as well as a depressive disorder. (Tr. 248). The plaintiff's ability was rated as "fair" in such areas as interacting with others, tolerating stress, and sustaining attention and concentration. (Tr. 249). Psychologists Ed Ross (Tr. 264-265) and Lea Perritt (Tr. 297-298) each reviewed the record and opined that the claimant would be "moderately" limited in such areas as maintaining attention and concentration for extended time periods, performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances, interacting appropriately with the general public, and responding appropriately to changes in the work place. These factors are essentially consistent with the somewhat differently worded limitations of the hypothetical question. The claimant has not argued that these restrictions would be totally disabling. Therefore, this portion of the administrative decision is supported by substantial evidence.

Sprouse suggests that the ALJ did not consider her impairments in combination. However, the ALJ clearly considered the problems relating to her

08-246  Lisa Sprouse

musculoskeletal system by placing numerous restrictions on her postural activities, limiting the amount of time she could stand or walk, and restricting the amount of weight she could lift.  The ALJ also took into consideration her mental problems and noted many psychological limitations.  The court has found that the hypothetical question fairly characterized her condition.  Therefore, the ALJ implicitly considered all impairments in combination.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 17th day of June, 2009.

Signed By:

G. Wix Unthank

United States Senior Judge